UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

**Case No.**

---------------------------------------------------------------------x

ALEXIS MCCONE

Plaintiff, COMPLAINT

-against-

DEBT RECOVERY SOLUTIONS, LLC

Defendant.

---------------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

Plaintiff Alexis Mccone ("Plaintiff"), by and through her attorneys, Michael Jay Ringelheim for RC Law Group, as and for her Complaint against Defendant Debt Recovery Solutions, LLC ("Defendant"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act (ñFDCPAò).

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Alachua, residing at 15802 NE Circle 1475, Gainesville, Florida, 32609.
5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 6800 Jericho Turnpike, Suite 113E, Syosset, NY, 11791.
6. Defendant was acting as a debt collector with respect to the collection of the Plaintiffôs alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff (ñAlleged Debtò).
9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a ñdebtò as that term is defined by 15 U.S.C. § 1692a(5).

10. Specifically the alleged debt was a medical bill and is defined as a person obligation under the FDCPA.

11. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

12. This statute is explained in *Wilhelm v. Credico, Inc.,* 519 F.3d 416 (8th Cir.2008) - ñThe relevance of the portion of § 1692e(8) on which [plaintiff] reliesð ñincluding the failure to communicate that a disputed debt is disputedòð is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate ñcredit informationò about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt.

13. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:

1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer ... *and reports it to a credit bureau,* he must report it as disputed.

2. Post-report dispute. *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

*Id.* at 418 (emphasis in original) (citing FTC Staff Commentary, 53 Fed.Reg. 50097ï 02, 50106 (Dec. 13, 1988))

14. Many district courts have followed the *Wilhelm* court's approach. *See, e.g., Jacques v. Solomon & Solomon P. C.,* 2012 U.S. Dist. LEXIS 118092, * 11 (D.Del.2012) (ñThe

duty to report a debt under [Section 1692e(8) ] arises only if one elects to report credit informationò); *Donatelli v. Warmbrodt,* 2011 U.S. Dist. LEXIS 69207, *27ï 28 (W.D.Pa.2011) (ñThere is no authority to support the proposition that a debt collector must inform the credit reporting agency that the consumer disputes the debtò) (citation omitted); *Edeh v. Aargon Collection Agency, LLC,* 2011 U.S. Dist. LEXIS 79160, *11 (D.Minn.2011) ( ñwhen a debt collector learns that a debt is disputed only after the collector has reported the debt to the credit reporting agencies, the collector has no affirmative obligation to report the disputeò); *Benson v. Med–Rev Recoveries, Inc. (In re Benson),* 445 B.R. 445, 449ï 50 (Bankr.E.D.Pa.2010) ( ñPlaintiff's premise is that a disputation of a debt after such debt is reported by a consumer reporting agency creates a duty on the entity that informed or furnished such information to the agency to update the credit report to reflect that such debt is disputed. This is incorrect....ò); *Kinel v. Sherman Acquisition II LP,* 2006 U.S. Dist. LEXIS 97073, *53ï 54 (S.D.N.Y.2006) (noting a ñdearth of precedentò on the issue of whether a debt collector has an affirmative duty to report a dispute made after it initially reported the debt, relying upon the 1988 FTC Commentary, and stating that ñthe FTC Commentary has interpreted § 1692e(8) as not explicitly requiring a debt collector to update information about the disputed status of a debt about which it has not reported, or about which it has already reported prior to a consumer's disputeò); *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005) (ñonly *if* a debt collector reports a consumer debt to a credit bureau under Section 1692e(8) must he then also report that debt as disputedò) (emphasis in original).

15. The facts here are analogues to the decisions cited above as Defendant reported the Alleged Debt on the Plaintiffȏs credit report.

16. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on March 29, 2016.

17. Plaintiff examined her credit report again on June 29, 2016 and found that Defendant had **re-reported** the credit account to the bureau(s) on April 16, 2016.

18. When Defendant **re-reported the credit account after it received Plaintiff's dispute letter**, Defendant failed to list the account as "disputed by consumer" despite being required to do so as explained above under 1692e8.

19. With the failure to remove the trade line, or mark same as disputed **the Plaintiff's credit score, a benchmark for near all facets of life in today's society has been deflated.**

20. **The Plaintiff's credit score has been lowered roughly 60 points, which has resulted in inability to gain credit, less favorable interest rates and could hinder future employment opportunities.**

21. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

23. When Defendant re-reported the credit account after it received Plaintiff's dispute letter, Defendant failed to list the account as "disputed by consumer" despite being required to do so.

24. With the failure to remove the trade line, or mark same as disputed the Plaintiffós credit score, a benchmark for near all facets of life in todayós society has been deflated.

25. The Plaintiffós credit score has been lowered roughly 60 points which has resulted in inability to gain credit, less favorable interest rates and could hinder future employment opportunities.

26. Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

27. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 16, 2017

Respectfully Submitted,

By: /s/Michael Jay Ringelheim

Florida bar No.: 93291
mringelheim@gmail.com
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ, 07601
Telephone: (201) 282-6500 ext 254
Facsimile: (201) 282-6501
Attorney for Plaintiff